# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL ANTON ARMSTRONG, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 06-CV-489-TCK-TLW ) |
| ERIC FRANKLIN, Warden; | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner appearing *pro se*. Petitioner filed a petition (Dkt. # 1), along with a supporting brief (Dkt. # 2). Respondent filed a response to the petition (Dkt. # 11), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 11, 12, 13). Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

At approximately 9:30 p.m. on November 7, 2003, Tulsa Police Officer Sean Larkin stopped a vehicle driven by Petitioner Michael Armstrong because he observed that neither the driver nor the front seat passenger was wearing a seat belt. Petitioner was unable to produce a driver's license or insurance verification. Officer Larkin conducted a records search and discovered that Petitioner's driver's license had been suspended and that both Petitioner and his passenger, Lamarco Coleman, had outstanding arrest warrants. Meanwhile, Tulsa Police Officer Justin Aldridge arrived at the scene as backup. Officer Larkin ordered Petitioner out of the vehicle. As Officer Larkin attempted to place handcuffs on Petitioner, Petitioner pushed him and attempted to flee. Officer Larkin tackled him to the ground. Petitioner punched and kicked Officer Larkin. Officer Aldridge attempted to

assist Officer Larkin. He was also elbowed, kicked, and shoved by Petitioner. After Petitioner was handcuffed and subdued, a third police officer, Officer Dickson, searched Petitioner. In Petitioner's right shoe, Officer Dickson found a baggie containing several large tannish colored rocks. The rocks weighed more than 5 grams and later tested positive for cocaine base. In Petitioner's left shoe, Officer Dickson found a small package containing marijuana.

As a result of those events, Petitioner was arrested and charged with Trafficking in Cocaine Base, After Former Conviction of Two or More Felonies (Count 1); Assault and Battery Upon a Police Officer (Counts 2 and 3); Possession of Marijuana, Felony (Count 4); Driving Under Suspension (Count 5); and Driving Without Insurance Verification (Count 6), in Tulsa County District Court, Case No. CF-2003-5171. Count 6 was dismissed prior to trial. On October 21, 2004, at the conclusion of a jury trial, Petitioner was convicted of the crimes charged, with the exception of Counts 2 and 3 for which he was convicted of the lesser included offense of Resisting Executive Officer. At the conclusion of a second stage proceeding, the jury found Petitioner had two (2) prior felony convictions and recommended that he be sentenced to thirty-seven (37) years imprisonment and fined $25,000 on Count 1; to one (1) year in the county jail on each of Counts 2 and 3; to 42 months imprisonment on Count 4; and to 90 days in the county jail on Count 5. The trial court sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served consecutively. Petitioner was represented during his criminal proceedings by attorney Sheena Burgess.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stuart Southerland, he raised the following propositions of error:

2

1. It was error to instruct the jury on two counts of resisting arrest; the evidence only supported a single conviction. One conviction for resisting arrest must be reversed and dismissed.

2. It was error for the trial court to sustain the State's objection to the videotape offered by Appellant to show the lighting and visibility on the night of Appellant's arrest.

3. Defense counsel's failure to offer the videotape referenced in the preceding proposition of error in support of Appellant's motion to suppress constituted ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

4. It was error to combine the sentencing provisions of Title 63 and Title 21 in Count 1. The $25,000 fine imposed for Trafficking must be vacated.

5. Appellant's convictions for Possession of Controlled Drug in Count 1 and Count 4 constitute multiple punishment for a single crime. Count 4, Felony Possession of Marijuana, must be reversed with instructions to dismiss.

6. Appellant's prior conviction for possession of controlled drug with intent to distribute could be used as enhancement in Count 1 or as an element of the offense in Count 4. It was error to permit the jury to use the same prior felony conviction twice for two different purposes.

7. By failing to properly establish chain of custody, the State presented insufficient evidence of possession of cocaine base at preliminary hearing. It was error for Appellant to be bound over for trafficking in cocaine base and the trial court should have sustained his motion to quash.

8. Appellant's sentence for Trafficking should be modified to the minimum permitted by law.

See Dkt. # 11, Ex. 1. In an unpublished summary opinion filed February 26, 2006, in Case No. F-2004-1106 (Dkt. # 11, Ex. 3), the OCCA found merit to Petitioner's claim challenging the $25,000.00 fine, but rejected the other claims raised by Petitioner. Therefore, the OCCA affirmed the Judgments and Sentences of the trial court, and modified the fine imposed in Count 1 to $10,000.00.

On September 15, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He also filed a supporting brief (Dkt. # 2). Petitioner raises six (6) grounds for relief, as follows:

> Ground 1: It was error to instruct the jury on two counts of resisting arrest.
>
> Ground 2: It was error for the trial court to sustain the state's objection to the videotape offered by the petitioner to show the lighting and visibility on the night of petitioner's arrest.
>
> Ground 3: Defense counsel's failure to offer the videotape referenced in the preceding proposition of error in support of petition's motion to suppress constituted "ineffective assistance of counsel" in violation of the Sixth and Fourteenth Amendments of the United States Constitution.
>
> Ground 4: Petitioner's conviction for Possession of Controlled Drug in count one and count four constituted multiple punishment for a single crime.
>
> Ground 5: Petitioner's prior conviction for possession of Controlled Drug with intent to distribute could be used as enhancement, in count one or as an element of the offense in count four. It was error to permit the jury to use the same prior felony conviction twice for two different purposes.
>
> Ground 6: By failing to properly establish chain of custody, the state presented "insufficient evidence of possession of cocaine base at preliminary hearing." It was error for Appellant to be bound over for trafficking in cocaine base and the trial court should have sustained his motion to quash.

See Dkt. #s 1, 2. In response to the petition, Respondent asserts that Petitioner's claims are not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 11.

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner exhausted state

remedies for the claims raised in the petition by presenting them to the OCCA on direct appeal. Therefore, the exhaustion requirement is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent the claims are cognizable, they shall be reviewed pursuant to § 2254(d).

**1. Double Jeopardy**

In his first ground of error, Petitioner alleges that the trial court erred in instructing the jury on two counts of resisting an officer. See Dkt. # 2. He argues that his jury was instructed on the lesser included offense of resisting arrest and since there was only one arrest, his conviction on two

counts violates the prohibition against double jeopardy found in both the federal and the state constitutions. See Dkt. # 2. The OCCA rejected the claim, citing Burleson v. State, 46 P.3d 150, 152-53 (Okla. Crim. App. 2002), and finding as follows:

> Armstrong attempts to characterize the crime of Resisting an Executive Officer as a prohibition against resisting arrest. An individual is guilty of violating § 268 "who knowingly resists, by the use of force or violence, any executive officer in the performance of his duty[.]" The plain language of the statue indicates that it is a crime against a person (the executive officer) and not against the act of arrest. Crimes committed against the person are separate and distinct when committed against separate victims. Here, Armstrong knowingly resisted two officers in the performance of their duty.

(Dkt. # 11, Ex. 3 at n.2).

The record reflects that Petitioner was convicted on two (2) counts of Resisting Executive Officer, in violation of Okla. Stat. tit. 21, § 268. To the extent Petitioner claims that he has suffered multiple punishments in violation of Oklahoma statutory law, Okla. Stat. tit. 21, § 11, the Court finds the claim should be denied because it is not cognizable on federal habeas corpus review. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on an Oklahoma statute, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

Nor is Petitioner entitled to relief on his double jeopardy claim. The double jeopardy clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection

is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). In rejecting Petitioner's double jeopardy claim on direct appeal, the OCCA cited Burleson v. Saffle, 46 P.3d 150, 152-53 (Okla. Crim. App. 2002). In Burleson, the OCCA determined that the petitioner's conviction on two counts of Using a Vehicle to Facilitate the Intentional Discharge of a Firearm did not violate the double jeopardy clause because the legislature "intended to stop people from using vehicles to aid them in shooting other people, and the statute's focus is on behavior which aids the intentional shooting. Crimes against the person are separate and distinct if they are directed at separate victims." Id. at 152.

The holding of Burleson is consistent with the federal law of double jeopardy. A single act may form the basis for the prosecution of two distinct statutory offenses whenever conviction for each offense requires the proof of a fact that the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932); Anderson v. Mullin, 327 F.3d 1148, 1153-54 (10th Cir. 2003); Goldsmith v. Cheney, 447 F.2d 624, 627-28 (10th Cir. 1971). The Blockburger test may be satisfied despite a substantial overlap in the proof offered to establish the crimes. Brown v. Ohio, 432 U.S. 161, 166 (1977) (citing Iannelli v. United States, 420 U.S. 770, 785 n.17 (1975)); see also Mansfield v. Champion, 992 F.2d 1098, 1101 (10th Cir. 1993) (stating that no violation of Double Jeopardy Clause occurs where a defendant is convicted of two counts of robbery arising from one incident involving two victims who are robbed of separately owned property). In this case, the two counts of Resisting Executive Officer required proof of different facts. Specifically, the identities of the victims involved in the different counts were distinct. Petitioner committed two (2) separate crimes

7

by resisting two (2) separate police officers. Separate convictions for those crimes do not violate the double jeopardy clause. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. Therefore, his request for habeas corpus relief shall be denied. 28 U.S.C. § 2254(d).

### 2. Evidentiary ruling (ground 2)

As his second proposition of error, Petitioner complains that the trial court erred in refusing to admit a videotape purporting to show the lighting and visibility on the night of his arrest. See Dkt. # 2. On direct appeal, the OCCA cited Behrens v. State, 699 P.2d 156, 159 (Okla. Crim. App. 1985), and found that "the trial court did not abuse its discretion in excluding Armstrong's videotape from evidence." See Dkt. # 11, Ex. 3.

As an initial matter, Petitioner has failed to assert a basis for finding that the OCCA's rejection of this claim on direct appeal warrants issuance of the writ under 28 U.S.C. § 2254(d). Petitioner merely restates the argument made in his state court proceedings, without reference to the OCCA's rulings on ground two. Furthermore, "[i]n a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (*en banc*)). A proceeding is fundamentally unfair

under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted).

Petitioner's ground two claim challenging the trial court's denial of Petitioner's request for admission of a videotape is not cognizable in this habeas corpus proceeding unless he demonstrates that the ruling rendered his trial fundamentally unfair. Petitioner sought to introduce the videotape to challenge the credibility of the police officer who testified that he stopped the vehicle driven by Petitioner after he observed neither Petitioner nor his passenger to be wearing seatbelts. The investigator who prepared the videotape testified at an in camera hearing on the State's motion in limine. See Dkt. # 13, Tr. Trans. Vol. 4 at 4-13. He testified that when he recreated the conditions as they occurred on the night of this traffic stop, he could not see whether the occupants of the vehicle were wearing seatbelts. Id. at 6. The trial court judge granted the motion in limine, finding that the investigator could not testify that the circumstances were the same or even similar to those on the evening of the traffic stop. Id. at 18. Petitioner has failed to demonstrate, however, that the exclusion of the videotape rendered his trial fundamentally unfair. The evidence of Petitioner's guilt on all charges was overwhelming. Furthermore, Petitioner was not precluded from calling other witnesses to challenge the credibility of the police officer. After reviewing Petitioner's argument, the Court finds that he has failed to demonstrate that he is entitled to habeas corpus relief on this ground.

### 3. Ineffective assistance of counsel (ground 3)

As his third proposition of error, Petitioner asserts that trial counsel provided ineffective assistance when she failed to offer the videotape in support of his motion to suppress at a hearing held March 25, 2004. See Dkt. # 2. According to Petitioner, the videotape was not presented

because it was not filmed until five (5) months after the hearing. The OCCA rejected this claim, citing Hooks v. State, 19 P.3d 294, 317 (Okla. Crim. App. 2001), and find that "Armstrong was not prejudiced by trial counsel's failure to use the videotape in support of his motion to suppress as the videotape did not prove that his arresting officer's stop was not supported by probable cause." See Dkt. # 11, Ex. 3 n.4.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the Strickland standard. The videotape was prepared August 24, 2004. See Dkt. # 13, Tr. Trans. Vol. 4 at 5. Petitioner's counsel did not perform deficiently in failing to offer the videotape at the March 25, 2004, hearing because it had not yet been made. After the March 25, 2004, hearing, defense counsel made two (2) unsuccessful attempts to have the videotape admitted. See Dkt. # 13, Tr. Trans. Vol. 2 at 3-5; Vol. 4 at 3-18. Both times, the trial court judge ruled that since the investigator was not present at the scene on November 7, 2003, and had never seen the vehicle driven by Petitioner that night, he could not reliably recreate the scene. See Dkt. # 13, Tr. Trans. Vol. 2 at 5; Vol. 4 at 18. Furthermore, Petitioner has failed to satisfy the prejudice prong of the Strickland standard. Given the basis for the trial court's ruling excluding the videotape, nothing asserted by Petitioner demonstrates that the trial court's ruling would have been different even if the videotape had been prepared in time to be presented at the March 25, 2004, hearing. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland. Under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief on this claim.

### 4. Multiple punishment (ground 4)

In ground 4 of his petition, Petitioner argues that his convictions on Counts 1 and 4 constitute multiple punishment for a single crime. See Dkt. # 2. In Count 1, Petitioner was convicted of Trafficking in Cocaine Base, After Former Conviction of Two Felonies, and in Count 4, he was convicted of Felony Possession of Marijuana. The OCCA rejected this claim on direct appeal, finding no violation of either double jeopardy or Okla. Stat. tit. 21, § 11, and stating that "[t]he

possession of the cocaine and marijuana were separate and distinct from each other as each drug was packaged separately and found in a different shoe worn by Armstrong." See Dkt. # 11, Ex. 3 n.6.

For the same reasons discussed in subsection 1, above, any claim that Petitioner has suffered multiple punishments in violation of Oklahoma statutory law, Okla. Stat. tit. 21, § 11, should be denied because it is not cognizable on federal habeas corpus review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Therefore, Petitioner's multiple punishment claim, insofar as it is based on an Oklahoma statute, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

The Court further finds that Petitioner's convictions on Counts 1 and 4 do not violate the double jeopardy clause. The double jeopardy clause is violated when a person is tried twice for the same offense after acquittal or conviction, and when a person is punished twice for the same offense. United States v. Dixon, 509 U.S. 688, 695-96 (1993). However, "double jeopardy does not occur as long as each punished offense requires proof of a fact that the other does not." Yparrea v. Dorsey, 64 F.3d 577, 579 (10th Cir. 1995). Under Oklahoma law, Trafficking in Cocaine Base and Felony Possession of Marijuana are separate offenses, requiring the state to prove different facts in order to sustain convictions for each offense. Compare Okla. Stat. tit. 63, § 2-415, with Okla. Stat. tit. 63, § 2-402. Even though the two drugs were found in each of Petitioner's shoes at the same time and he was tried for both offenses in a single proceeding, he was convicted of two different crimes requiring proof of different facts. There was no violation of the double jeopardy clause. Petitioner is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d).

### 5. Erroneous use of prior conviction (ground 5)

In ground 5, Petitioner claims that the trial court erred in permitting the jury to use the same prior felony conviction for two different purposes: to enhance the sentence for Count 1 and as an element of the offense for Count 4. See Dkt. # 2. On direct appeal, the OCCA found that "Armstrong's prior conviction for Possession of a Controlled Substance with Intent to Distribute was properly used to enhance his sentences in Counts I and IV." See Dkt. # 11, Ex. 3. The OCCA further explained that "[i]t is illegal to possess marijuana regardless of whether one is or is not a felon. Its possession becomes a felony if one has a prior felony conviction. Thus, Armstrong's previous conviction was used to enhance in Count IV – not as an element of the crime." Id. at n.7.

As discussed above, the Supreme Court emphasized in Estelle, 502 U.S. at 67-68, that "it is not the province of a federal habeas court to reexamine state court determinations on state-law questions." Rather, the Court stated, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68. Because Petitioner's ground 5 claim involves purely matters of state law, it cannot serve as a ground for federal habeas relief.

A petitioner may also be entitled to habeas relief if he shows that the alleged violations of state law resulted in a denial of due process. Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). Upon review of the record in this case, the Court finds that Petitioner has not demonstrated that he was convicted or sentenced in violation of Oklahoma's laws. Petitioner has not shown, by clearly established Supreme Court precedent, that the OCCA's decision on direct appeal resulted in any fundamental unfairness or otherwise denied him due process of law. Petitioner is not entitled to habeas corpus relief on this ground of error.

### 6. Failure to sustain motion to quash (ground 6)

As his final ground of error, Petitioner claims that the trial court erred in denying his motion to quash Count 1 at the hearing held March 25, 2004, because at the preliminary hearing, the State failed to establish the chain of custody for the crack cocaine and, as a result, presented insufficient evidence of trafficking in cocaine base. See Dkt. # 2. The OCCA rejected this claim, finding that "[t]he evidence at preliminary hearing sufficiently established that Armstrong possessed more than five (5) grams of cocaine base." See Dkt. # 11, Ex. 3.

Petitioner argues that since the State failed at his preliminary hearing to establish the chain of custody for the crack cocaine, there was insufficient evidence to bind him over for trial on the charge of Trafficking in Crack Cocaine and the trial court judge erred in failing to grant his motion to quash. This ground of error is not redressable by way of a habeas petition. A 28 U.S.C. § 2254 petition challenges the validity of a state prisoner's conviction and sentence, Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000), and the Supreme Court has long held that an "illegal arrest or detention does not void a subsequent conviction," Gerstein v. Pugh, 420 U.S. 103, 119 (1975). Because Petitioner was ultimately convicted of Trafficking in Crack Cocaine, his challenge to the sufficiency of the evidence at his preliminary hearing cannot be grounds for habeas relief. See Powers v. Dinwiddie, 324 Fed.Appx. 702, 704-05 (10th Cir. 2009) (unpublished) (citing Montoya v. Scott, 65 F.3d 405, 422 (5th Cir. 1995)). Habeas corpus relief on ground six shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 19th day of February, 2010.

TERENCE KERN
UNITED STATES DISTRICT JUDGE